AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

FILED
United States District Court
Albuquerque, New Mexico

Mitchell R. Elfers
Clerk of Court

In the Matter of the Search of )
)
CELLULAR TELEPHONE DEVICE, CURRENTLY LOCATED AT ) Case No. **24mr999**
BUREAU OF INDIAN AFFAIRS OFFICE OF JUSTICE SERVICES )
DIVISION OF DRUG ENFORCEMENT EVIDENCE LOCKER, )
LOCATED AT 1001 INDIAN SCHOOL ROAD, ALBUQUERQUE, )
NM 87104, AND MORE FULLY DESCRIBED IN ATTACHMENT )
A

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___New Mexico___ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 841 (a)(1) | Possession with Intent to Distribute and Distribution of Controlled Dangerous Substances. |

The application is based on these facts:
See attached affidavit submitted by Special Agent Collin J. Pilcher and approved by AUSA Robert James Booth II.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Collin J. Pilcher, BIA Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_Telephonically sworn and electronically signed_ *(specify reliable electronic means)*.

Date: 5/21/2024

*Judge's signature*

City and state: Albuquerque, NM      Honorable Steven C. Yarbrough, US Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF NEW MEXICO

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>**CELLULAR TELEPHONE DEVICE, CURRENTLY LOCATED AT BUREAU OF INDIAN AFFAIRS OFFICE OF JUSTICE SERVICES DIVISION OF DRUG ENFORCEMENT EVIDENCE LOCKER, LOCATED AT 1001 INDIAN SCHOOL ROAD, ALBUQUERQUE, NM 87104, AND MORE FULLY DESCRIBED IN ATTACHMENT A**. | Case No. _____ |

**AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE**

I, Collin J. Pilcher, Criminal Investigator with the Bureau of Indian Affairs (BIA) being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. This affidavit is made in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant authorizing the examination of property – an electronic device – which is currently in law enforcement possession and described in Attachment A, and the extraction from that property of electronically stored information described in Attachment B.

2. Based on my training, experience, and the facts as set forth in this affidavit, I believe there is probable cause that a search of the electronic device would lead to evidence of violations of 21 U.S.C. §§ 841(a)(1), and (b)(1)(C), possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, and possession with intent to distribute fentanyl, as further described in Attachment B.

**TRAINING AND EXPERIENCE**

3. I am a Criminal Investigator with the Bureau of Indian Affairs (BIA), Office of Justice Services (OJS), Division of Drug Enforcement (DDE) and have been employed by the BIA since January 2014. I completed Federal Law Enforcement Training Center Rural Police Officer Training Program Indian Police Academy in August 2014. I completed Department of Interior Investigator Training Program in June 2021. I am a graduate of the University of Phoenix with a bachelor's degree in criminal justice administration. My primary duty is to investigate violations of Section 21 of the United States Code occurring within the District of New Mexico.

4. Based on my training and experience with other drug trafficking and drug distribution investigations, I know that individuals may use electronic devices, such as phones, to purchase, sell, or discuss the illegal trafficking of controlled substances. Due to my training and experience, I know that there may be location information on a cellular phone that can be used to place an individual at specific locations during specific time frames, which may help identify where drug traffickers purchase, sell, or discuss the illegal trafficking of controlled substances.

5. The information set forth in this affidavit was derived from my own investigation and/or communicated to me by other employees of the BIA and other law enforcement agencies, and from records and documents that I and others have reviewed. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to demonstrate probable cause for the issuance of the requested search warrant.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

6. The property to be searched consists of one cellular telephone, as described in Attachments A and B (hereafter referred to as the "Device") and is identified as follows:

   - A black Samsung cell phone, IMEI: 354327823011118, sealed in an electrostatic disposition bag. The device is currently located in evidence at 1001 Indian School RD. NW, Albuquerque, NM 87104.

7. The applied-for warrant would authorize the forensic examination of the Device for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

8. On March 22, 2024, at or about 7:08 P.M., BIA OJS DDE Law Enforcement Officer Nicholas Jackson (hereinafter "Jackson") was on duty, in full uniform, in his marked K-9 patrol unit monitoring traffic in the parking garage at Sandia Resort & Casino, located at 30 Rainbow Road, Albuquerque, NM within the Sandia Pueblo.

9. Jackson noticed what he later identified as a green 2006 Dodge Charger (hereinafter "Charger") bearing New Mexico license plate NMW-248 driving in the opposite direction of him and then parking behind him. Jackson decided to turn his vehicle around and make contact with the driver of the Charger.

10. Jackson parked his patrol vehicle several parked cars away from the Charger to ensure that he did not obstruct or block that vehicle. Jackson also did not turn on any emergency lights as no violations had been observed at that time and he was not conducting a traffic stop.

11. Jackson made contact with the driver and sole occupant of the Charger as he began to exit the vehicle. At that time, the driver's side door of the Charger was still open, and Jackson detected the raw odor of marijuana coming from the interior of the vehicle. Jackson did

not immediately inform the driver of the Charger, a male later identified as Eberardo Valdez (hereinafter "Valdez"), that he had detected that odor.

12. During this time, BIA K-9 LEO Justin Williams (hereinafter "Williams") deployed his K-9 on Valdez's vehicle to conduct a free air sniff around the exterior of the vehicle. Williams advised that the K-9 had alerted to Valdez's vehicle. The K-9 used by Williams is a 3-odor narcotic detection canine that has been trained to detect heroin, methamphetamine, and cocaine, but not marijuana.

13. In accordance with the professional courtesy that BIA K-9 officers routinely extend to individuals in such circumstances, Jackson asked Valdez for consent to search his vehicle. Valdez did not give consent for a search of his vehicle.

14. Jackson explained to Valdez that he was on a Federal Indian Reservation and that based on the alert from the K-9 there was probable cause to search Valdez's vehicle.

15. At that time Jackson conducted a search of Valdez's vehicle and located a black bag behind the passenger seat. The black bag contained:

   a. 58 grams of a substance believed to be methamphetamine;

   b. A digital scale;

   c. multiple Ziplock baggies;

   d. 12 round blue pills labeled "M30" and suspected to be fentanyl;

   e. a loaded semi-automatic pistol;

   f. 276 grams of marijuana; and

   g. multiple items of drug paraphernalia.

16. Valdez was detained and transported to Pueblo of Sandia Police Department for further questioning. Your Affiant advised Valdez of his rights and at that time Valdez requested that a lawyer be present during any questioning and the interview was terminated.

17. Your affiant asked Valdez for consent to search his cell phone and Valdez declined to give consent. Valdez's cell phone was seized as evidence at that time.

18. Jackson issued Valdez a Central Violation Bureau Citation and Valdez was released from custody.

19. Your affiant recovered the IMEI number located on the back of Valdez's cell phone and attempted to place the cell phone into airplane mode to preserve evidence to further the narcotic investigation. Unfortunately, the cell phone did not readily have the airplane mode function available.

20. The cell phone was placed into an electrostatic disposition bag and transported to the BIA evidence safe at 1001 Indian School RD NW Albuquerque, NM 87104. In my training and experience, I know that the Device has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as they were when the Device first came into the possession of the BIA.

## TECHNICAL TERMS

21. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or

    traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the Device.

b. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

c. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives.

      This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

d. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

e. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments, or notes) and utilizing computer programs. Some PDAs also function as wireless communication devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include

    various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the Device.

  f.  IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

  g.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

22.  Based on my training, experience, and research, I know that the Device has capabilities that allow it to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the Device.

## **ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

23. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the Device. This information can sometimes be recovered with forensics tools.

24. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b. Forensic evidence on a device can also indicate who has used or controlled the Device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

    c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

    d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

    e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

25. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the Device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the Device to human inspection in order to determine whether it is evidence described by the warrant.

26. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

**SUMMARY**

27. Based on my training and experience and the facts set forth in this affidavit, I respectfully submit there is probable cause to believe that evidence will be contained on the Device related to violations 21 U.S.C. §§ 841(a)(1), and (b)(1)(C), possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine as further described in Attachments A and B.

## CONCLUSION

28. WHEREFORE, I respectfully request the Court issue a warrant authorizing a search of the Device for the items described in Attachment B. I also request that the warrant and order authorize members of the BIA, and other authorized law enforcement agents acting under the direction of the BIA, to execute the search warrant. I declare under penalty of perjury the statements above are true and correct to the best of my knowledge and belief.

29. Assistant United States Attorney Robert James Booth II has reviewed and approved this application.

30. I swear that this information is true and correct to the best of my knowledge.

Respectfully submitted,

Collin J. Pilcher
Special Agent
BIA OJS DDE

Electronically signed and telephonically sworn on May 21, 2024:

HONORABLE STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A
*Property to be searched*

The property to be searched, belonging to Eberardo Valdez, is a black Samsung touch screen cellular telephone bearing IMEI: 354327823011118, (hereinafter the "Device"). The Device is currently located at the BIA at 1001 Indian School RD. NW, Albuquerque, NM 87104.

This warrant authorizes the forensic examination of the Device for the purpose of identifying the electronically stored information described in Attachment B.

## **ATTACHMENT B**

*Property to be seized*

1. All records on the Device described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1), and (b)(1)(C), possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, including:

    a. location information of the Device to confirm the Device's whereabouts relevant to the investigation;

    b. text messages, emails, and social media posts that may have evidence of the alleged crime(s);

    c. phone calls, text messages, and other electronic communications that may be to the victims, associates, or accomplices of the crime(s);

    d. any information recording Eberardo Valdez's schedule or travel;

    e. digital photographs regarding the offenses described above.

2. Evidence of user attribution showing who used or owned the Device at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records evidencing the use of the Internet including:

    a. records of Internet Protocol addresses used;

    b. records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the BIA may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.